■ In the Matter of MAURA B., Appellant, v GIOVANNI P., Respondent. [975 NYS2d 10]—

Order, Family Court, New York County (George L. Jurow, J.H.O.), entered on or about February 8, 2012, which dismissed the petitions to modify custody for lack of jurisdiction, unanimously affirmed, without costs. Order, same court and hearing officer, entered on or about July 19, 2012, which denied petitioner's motion for emergency temporary custody of the child, unanimously affirmed, without costs.

Family Court correctly determined that it lacked subject matter jurisdiction over this custody matter (*see* Domestic Relations Law §§ 76-b, 76-e; *Stocker v Sheehan*, 13 AD3d 1 [1st Dept 2004]). The initial custody determination was made by the Court of Florence, Italy, in 2005. Since then, numerous proceedings have been held in Italy, where respondent has resided since 2000. At the time the petition was filed, in 2011, a proceeding was ongoing in Italy, pursuant to which the parties had recently undergone a forensic evaluation, and a decision as to custody was expected imminently. And, in response to Family Court's inquiry, the Appellate Court of Florence advised that Italy would not decline jurisdiction.

The court also properly declined to exercise temporary emergency jurisdiction (*see* Domestic Relations Law § 76-c). The child was no longer present in this jurisdiction, and petitioner's unsubstantiated allegations were insufficient to establish that it was necessary in an emergency to protect the child.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.

Motion by the attorney for the child to strike petitioner's reply brief is granted to the extent of striking references to matters dehors the record.